UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROSEMARIE OVIAN                      :
AND MATTHEW OVIAN,                   :
                                     :
          Plaintiffs,                :
                                     :
          v.                         :    Case No. 2:18-cv-229
                                     :
GENERAL INSURANCE CO.                :
OF AMERICA AND                       :
PROGRESSIVE NORTHERN INSURANCE       :
CO.,                                 :
                                     :
          Defendants.                :

**OPINION AND ORDER**

Plaintiffs Rosemarie and Matthew Ovian bring claims for
breach of contract against Defendants General Insurance Company,
d/b/a Safeco Insurance ("Safeco"), and Progressive Northern
Insurance Company ("Progressive").  Pending before the Court are
cross-motions for summary judgment with respect to the
underinsured motorist ("UIM") policy issued by Progressive to
Plaintiffs' deceased parents, both of whom died as the result of
a motor vehicle accident.  Progressive claims that, pursuant to
language in its policy, it is entitled to offset payments made by
a separate insurer.  Plaintiffs argue that the offset/reduction
language in the UIM policy is unenforceable because it is
contrary to the public policy underlying Vermont's UIM statute,
and because it is ambiguous.

In addition to filing for summary judgment, Progressive moves in the alternative for the case to be certified to the Vermont Supreme Court.  For the reasons set forth below, Plaintiffs' motion for summary judgment is **denied** and Progressive's motion for summary judgment is **granted.** Progressive's motion for certification to the Vermont Supreme Court is **denied.**

## FACTUAL BACKGROUND

This suit arises out of a motor vehicle accident that occurred on December 28, 2016.  Sally and Charles Ovian were driving a vehicle that was struck by a pick-up truck.  The truck was operated by Ryan Kennelly, and there is no dispute that Mr. Kennelly was at fault.  The Ovians died as a result of their injuries.  Both deceased individuals' estates ("Estates") incurred various medical bills as a result of the accident.  The Ovians are survived by their three adult children: Jeffrey Ovian, Plaintiff Matthew Ovian, and Plaintiff Rosemarie Ovian.

Mr. Kennelly's vehicle was covered under an automobile insurance policy issued by Travelers Property Casualty Insurance Company ("Travelers").  The Travelers policy allowed for up to $250,000 bodily injury liability per person, and up to $500,000 of bodily injury liability per accident.  Travelers entered into settlement agreements with the Estates of both Sally Ovian and

Charles Ovian and paid $250,000 to each.  Plaintiffs contend that their damages for the wrongful death and survival claims exceed the $250,000 per person and $500,000 combined limit of the Travelers policy.

The Ovians were insured under a primary automobile insurance policy issued by Progressive, and an excess policy issued by Safeco.  The Progressive policy states that "an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury."  It is undisputed that Mr. Kennelly's vehicle meets the definition of an "underinsured motor vehicle" under the Progressive policy and that Plaintiffs are "insured persons." There is also no dispute that the damages in Plaintiffs' wrongful death and survival claims arise out of "bodily injury" under the Progressive policy's terms.  The Progressive UIM Policy affords a combined single unit of $500,000 in underinsured motorist insurance benefits.  The Safeco policy provides an additional $500,000 of coverage.

The Progressive policy contains an offset provision stating that UIM insurance limits will be reduced by "all sums ... paid because of bodily injury by or on behalf of any persons or organizations that may be legally responsible."  Plaintiffs contend that Progressive must treat each Estate's UIM claim

separately when offsetting the sums paid.  Calculated that way,
the policy's $500,000 UIM insurance benefits would apply to each
Estate individually, recovery by each Estate would be reduced by
the $250,000 already paid, and Plaintiffs would collect the
remaining $250,000 of UIM benefits per Estate.  Progressive
argues that Travelers' combined payment of $500,000 to both
Estates, $250,000 per Estate, should be aggregated and offset
from the combined policy limit of $500,000.  Under this theory,
$500,000 has been paid to the Plaintiffs and the $500,000 UIM
coverage has been completely offset.

**STANDARD OF REVIEW**

To prevail on a motion for summary judgment, the movant must
show "that there is no genuine dispute as to any material fact
and [that it] is entitled to judgment as a matter of law."  Fed.
R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S.
317, 322-23 (1986).  The movant bears the burden of demonstrating
the absence of a question of material fact.  In making this
determination, the Court must view all facts "in the light most
favorable" to the non-moving party.  *Holcomb v. Iona Coll.*, 521
F.3d 130, 132 (2d Cir. 2008).  If the movant fails to meet his
initial burden, the motion will fail even if the opponent does
not submit any evidentiary matter to establish a genuine factual
issue for trial.  *BBS Norwalk One, Inc. v. Raccolta, Inc.,* 117

4

F.3d 674, 677–78 (2d Cir. 1997).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhauser Co.,* 536 F.3d 140, 145 (2d Cir. 2008).  In doing so, the opposing party must come forward with sufficient evidence that would justify a reasonable jury in returning a verdict in its favor. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied. *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9–10 (2d Cir. 1983).  "Where, as here, there are cross motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC,* 628 F.3d 46, 51 (2d Cir. 2010) (quoting *Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121* (2d Cir. 2001).

Also before the Court is the question of certification. Local Rule 74 provides that, "when authorized by state law, the court may certify to the state's highest court an unsettled and significant question of state law that will control the outcome

5

of a pending case."  L.R. 74.  "Certification is a discretionary device, both for the certifying court and for the court requested to answer the certified question[s]."  *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 51 (2d Cir. 1992).

## **DISCUSSION**

Plaintiffs move for summary judgment on the issue of whether the Estates of Charles and Sally Ovian are entitled to each offset the $250,000 sum paid by Travelers, or whether, as Progressive contends, those payments should be combined and considered a complete offset of the $500,000 UIM policy limit. Plaintiffs make two arguments in favor of summary judgment: first, that the policy's "all sums" language is contrary to the public policy underlying Vermont's UM/UIM Statute, and second, that the policy is vague and thus unenforceable.  Progressive has filed a cross-motion for summary judgment on both issues.

As discussed below, the ambiguity issue was recently addressed by the Vermont Supreme Court in a case involving similar policy language.  At a status conference held before the Court on September 28, 2020, the parties agreed that the ambiguity question no longer requires certification, and counsel for Progressive opined that the public policy issue does not clearly present a novel question under Vermont law.  The Court therefore **denies** Progressive's motion to certify.

6

I.    **Public Policy**

In their motion for summary judgment, Plaintiffs submit that Progressive's position is contrary to the purpose of Vermont's UM/UIM statute, 23 V.S.A. § 941(f).  They rely in part upon the Vermont Supreme Court's ruling in *Progressive Cas. Ins. Co. v. MMG Ins. Co.*, 2014 VT 70, ¶ 11 (2014) (hereinafter "*Progressive*"), which interpreted the Vermont legislature's amendment of Section 941(f).  Under the pre-amendment statute, when a negligent party's liability coverage equaled or exceeded the injured party's UIM coverage, the injured party would be denied UIM coverage because the liable party was not under-insured.  This approach is known as a "limits to limits" comparison. *Progressive*, 2014 VT 70, ¶ 1.  In *Colwell v. Allstate Ins. Co.*, 2003 VT 5, ¶¶ 12-13, the Vermont Supreme Court recognized that an "anomoly" can occur when the liable party has a policy limit equal to or exceeding the injured party's UIM limit, but is forced make payments to multiple victims.  As a result of those multiple payments, the injured insured might recover less than the limit of his or her UIM policy.

> Because the law at that time required a strict "limits
> to limits" comparison, a party could be denied the
> benefits of a UIM policy that he purchased even though
> he did not recover the "limits" of a tortfeasor's
> liability policy.  Thus, in some multi-victim cases, a
> party was better off if injured by an uninsured, rather
> than underinsured, tortfeasor.  Given the plain

7

> language of the statute, we left it to the Legislature
> to decide whether, and how, to address this issue. *Id.*
> ¶ 15.  The Legislature responded by amending 23 V.S.A.
> § 941(f) to specifically address UIM recovery in
> multi-victim accidents.

*Progressive*, 2014 VT 70, ¶ 1.  Section 941(f), as amended by the

Vermont legislature in 2005, now reads:

> For the purpose of this subchapter, a motor vehicle is
> underinsured to the extent that:
>
> (1) the liability insurance limits applicable at the
> time of the accident are less than the limits of the
> uninsured motorist coverage applicable to the insured;
> or
>
> (2) the available liability insurance has been reduced
> by payments to others injured in the accident to an
> amount less than the limits of the uninsured motorist
> coverage applicable to the insured.

23 V.S.A. § 941(f).

According to Plaintiffs, the amended UIM statute requires

that an injured party be permitted to recover full UIM benefits

when a tortfeasor's liability insurance has been depleted by

payments to other victims.  Rather than a strict limits-to-limits

analysis, the law now requires consideration of how much the

injured party has recovered, and a comparison of that amount to

the limit of the injured party's UIM policy.  The Court agrees

with this portion of the Plaintiffs' analysis.  Under the amended

statute, a tortfeasor may be considered underinsured when

payments made to multiple injured parties result in an insured

party receiving less than the limit of his or her UIM policy.
The amended statute offers little insight, however, on the
question presented here: whether two insureds under a single UIM
policy may consider their payments from the liable party
separately, or whether those payments can be aggregated when
determining the amount to be paid under the UIM policy.

Plaintiffs submit that each Estate should be considered
separately.  For support, they cite the Vermont Supreme Court's
endorsement of an "excess coverage" approach.  In general, that
approach "deems a tortfeasor underinsured when the injured
party's damages exceed the tortfeasor's liability coverage."
*Progressive*, 2014 VT 70, ¶ 13.  As explained by the Vermont
Supreme Court, "[a] variant of this [excess coverage] approach
'requires insurers to provide UIM coverage to the extent that the
amount actually available to the injured party from the
tortfeasor's policy was less than the UIM coverage limits stated
in the injured party's policy.'"  *Id.*, ¶ 13 (quoting *Colwell*,
2003 VT 5, ¶ 13).  That "variant" approach is now codified in 23
V.S.A. § 941(f)(2).

Plaintiffs argue that under the "excess coverage" approach,
each Estate is entitled to recover the difference between the
amount it received ($250,000) and the UIM policy limit
($500,000).  Progressive argues for adherence to the terms of the

9

UIM policy, which allows an offset by "all sums" paid.  In this
case, "all sums" paid totaled $500,000.  Plaintiffs contend that
the phrase "all sums" cannot be read literally, and that doing so
would be directly contrary to the express language of Section
941(f) and the purposes of excess coverage.  They argue that a
straightforward reading of "all sums," regardless of the number
of third-party victims or claims made, could result in a loss of
benefits even if an insured did not receive the limit of an
applicable UIM policy.  Plaintiffs further argue that someone
insured under a UIM policy could end up receiving no benefits if
a third-party's damages were far greater than the insured's.

    Plaintiffs' multiple third-party victims scenario is not
before this Court.  Nor is this a case of multiple claimants with
multiple UIM policies.  Here, there was a single policy with a
combined $500,000 limit.  As a result of the accident, the
Estates received $500,000 from the tortfeasor's insurer.
Progressive now seeks to offset the UIM limit by the amount of
that collective recovery.

    Plaintiffs concede that their position would afford the two
Estates more coverage than the UIM policy provides.  As noted in
their briefing, "the result they request in this Declaratory
Judgment would afford more total coverage, i.e., $1,000,000 for
the Estates as compared to the $500,000 which would be available

10

to split between the Estates if only the UIM coverage was
available." ECF No. 27-7 at 11 n.1. They nonetheless argue that
such a result is consistent with the "excess coverage" approach,
and that "an insurance policy can provide coverage in excess of
statutory and case law requirements." *Id.* On this fundamental
point, the Court disagrees.

The scenario presented by Plaintiffs is instructive.
Assuming that the tortfeasor had made no payment at all, the two
Estates would be entitled to a combined total of $500,000 in UIM
insurance from Progressive. *See id.* Considering the payments
actually made by Mr. Kennelly's insurer, the Estates still
received $500,000. Nothing in that result is inconsistent with
the "variant" of the "excess coverage" approach as described by
the Vermont Supreme Court. As made clear by the ruling in
*Progressive*, "UM/UIM policies are not intended by the statute to
increase the overall amount of recovery, but to restore the
insured to the position he would have been in had the other
driver carried equally responsible insurance coverage." 2014 VT
70, ¶ 26 (quoting *Hubbard v. Met. Prop. & Casualty Ins. Co.*, 2007
VT 121, ¶ 9). In other words, nothing in Section 941(f) is
intended to increase the amount of recovery *beyond* the limits of

11

the UIM policy.[1]

With enforcement of the "all sums" provision in the Progressive policy, Plaintiffs are put in the same position as if the tortfeasor had been uninsured.  Consequently, the "anomoly" that gave rise to amending Section 941(f) is not presented here. *See Progressive*, 2014 VT 70, ¶ 13.  Plaintiffs' contention that the amended statute allows recovery above the limits of the UIM policy goes beyond anything stated in either Section 941(f) or the post-amendment case law.

Together with the Safeco policy, the Ovians had $1 million in coverage available to them.  They were injured in the same accident, and their Estates may still be eligible to receive a combined total of $1 million in insurance payments.  Nothing in that result frustrates either Vermont's UIM statute or the underlying public policy.  The Court therefore finds in favor of Progressive on this issue.

**II.  Ambiguity**

Although Plaintiffs also contend that the "all sums" clause

---

[1] Plaintiffs focus in part on the Vermont Supreme Court's general statement that "the purpose of our UM/UIM statute . . . is to provide the prudent motorist with maximum insurance coverage when involved in an accident with a marginally insured (or uninsured) motorist." *Progressive*, 2014 VT 70, ¶ 11.  The Court notes that "maximum insurance coverage" must be distinguished from maximum recovery, and that Plaintiffs are arguing for a recovery beyond the extent of their insurance coverage.

cannot be enforced because it is ambiguous, the Vermont Supreme Court recently resolved that question in *Muller v. Progressive Northern Insurance Company*, 2020 VT 76.  The policy in *Muller* had the same offset/reduction clause at issue here.  The insureds, as in this case, were two individuals covered by the same UIM policy and injured in the same motor vehicle accident.  The UIM policy provided a combined single limit of $300,000, and each insured received $100,000 from the under-insured tortfeasor.  The issue presented to the Vermont Supreme Court was whether the "all sums" clause in the policy meant that the two $100,000 payments were to be combined, in which case the insureds would receive an additional $100,000 from their UIM policy, or considered separately, in which case the insureds would receive $200,000 from their UIM policy.  Progressive filed a declaratory judgment action to clarify its obligation.

The Mullers argued that the "all sums" clause was ambiguous because it did not make clear how to apply setoffs when there are multiple underinsured motorists claiming under a single policy. The Vermont Supreme Court held that "the setoff provision is not ambiguous.  The various provisions of the policy make clear that Progressive is entitled to reduce 'all sums ... paid because of bodily injury' regardless of the number of claims made." *Progressive*, 2020 VT 76, ¶ 18.  Accordingly, the amounts paid by

13

the tortfeasor's insurer could be aggregated, and the Mullers were only entitled to recover $100,000 under the UIM policy.

In light of *Muller* the Court finds that, as a matter of Vermont law, the policy in this case is not ambiguous.  The two claimant Estates were each paid $250,000 by the tortfeasor's insurer, and the "all sums" clause in the Progressive policy allows those amounts to be aggregated.  Because the UIM policy is not ambiguous, the policy limit of $500,000 may be completely offset.

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiffs' motion for summary judgment (ECF No. 27) is **denied**, Progressive's motion for summary judgment (ECF No. 28) is **granted**, and Progressive alternative motion for certification (ECF No. 28) is **denied.**


DATED at Burlington, in the District of Vermont, this 30th day of September, 2020.

<u>/s/ William K. Sessions III</u>
William K. Sessions III
District Court Judge

14